## UNITED STATES v. STRAWBRIDGE.
### No. 10799.

Circuit Court of Appeals, Fifth Circuit.
Jan. 14, 1944.

William H. Allen, Atty., Department of Justice, of Washington, D. C., J. O. Day, U. S. Atty., of Clarksdale, Miss., and Roy J. Goss, Atty., Department of Justice, of Jackson, Miss., for appellant.

Thos. F. Paine, of Aberdeen, Miss., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment in favor of the insured in his suit upon a policy of war-risk insurance. The sole question for decision on appeal is whether the evidence made an issue for the jury as to total and permanent disability by reason of a service connected disability from and after December 31, 1918.

The plaintiff's proof may be thus summarized: He entered the army in the spring of 1918, at which time he was in good health and had an eighth grade education with some business experience as a farmer and logger. He was hospitalized during a large part of his time in the army, due to various disorders, and on November 21, 1918, he was discharged with a Surgeon's Certificate of Disability reciting that he was unfit for any kind of military service by reason of an irremediable functional cardiac disorder. For some time following his discharge he did no work at all, and continuously thereafter his every effort to engage regularly in work involving physical exertion caused an illness characterized by extreme shortness of breath, a swelling and soreness over his chest, dizziness, and a racing heart.

Prior to his marriage in 1926 the insured engaged in limited farming operations, but the actual work involved therein was done by relatives with occasional hired help; and the insured cashed an insurance policy and drew upon his savings to meet current obligations. After his marriage he continued to farm as a sharecropper on a small scale, and managed to earn a meager existence by having his wife do the work with some outside help. He earned a little money buying and selling timber, and he acquired a half interest in a shingle mill which was operated for two months each year. Dr. Box, the insured's personal physician who had been a general practitioner of medicine since 1906, testified that he had examined the insured within a few weeks after his discharge from the army, and had found him to be suffering from mitral stenosis, which was an incurable obstruction of the mitral valves of the heart; that this condition was dangerous, and would be aggravated by any kind of mental or physical endeavor. Dr. Box had continued to treat the insured through the years, and the health pattern of the patient indicated to the doctor that his original diagnosis had been correct.

The Government points out that the insured managed to earn a living after 1918; that he failed to make any claim for disability compensation or insurance until 1931; and that physical examinations made of the insured by Government physicians prior to the trial failed to disclose any heart trouble. The recognized test of disability in these cases is whether the insured continuously was disabled from following any reasonably gainful occupation. It was no absolute refutation of disability that a live-

lihood was earned when the efforts of other persons were largely responsible for what was accomplished. The delay in filing the claim was a circumstance that was properly submitted to the jury for consideration with the other evidence; it was not per se proof of anything. Finally, conflicts in the testimony and the questions as to the credibility of the witnesses presented issues for the jury. In these circumstances the motions for a directed verdict properly were overruled.

The judgment appealed from is affirmed.